**UNIROYAL, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

Appeal No. 82–31.

United States Court of Appeals,
Federal Circuit.

March 23, 1983.

Andrew P. Vance, New York City, for appellant.

Barbara M. Epstein, New York City, argued for U.S. With her on the brief were J. Paul McGrath, David M. Cohen and Joseph I. Liebman, New York City.

Lauren R. Howard and David L. Dick, of Washington, D.C., were on the brief for amicus curiae Footwear Industries of America, Inc.

Before RICH, DAVIS and NIES, Circuit Judges.

PER CURIAM.

Uniroyal appeals the judgment of the Court of International Trade, 3 CIT ——, 542 F.Supp. 1026 (1982), upholding the determination by the United States Customs Service that certain footwear uppers must be excluded from entry under § 304(a)(3)(H) of the Tariff Act of 1930, as amended (19 U.S.C. § 1304(a)(3)(H) (1976)). This statute requires that imported articles must be marked so as to indicate the country of origin to the ultimate purchaser in the United States. The case turns on the issue of who is the ultimate purchaser of the imported goods within the meaning of the statute.

Uniroyal imports footwear uppers, complete shoes except for the attachment of soles, and sells the imported goods to a U.S. manufacturer, Stride-Rite Co. The uppers are shipped to the United States in cartons marked "Made in Indonesia." Stride-Rite performs the operations necessary to finish the shoes and sells them to retail establishments for resale to consumers. The finished shoes bear no marking with respect to foreign origin of the uppers.

The Court of International Trade held that Stride-Rite was not the ultimate purchaser within the meaning of § 304 since the operations performed in the United States did not substantially transform the identity of the uppers. We agree with the analysis by the court and, accordingly, the judgment is *affirmed*.

AFFIRMED.